W. JONES,
specially concurring.
Although I concur with the majority Opinion to the extent it holds there is no valid delivery of the deed in this case and therefore the title to the property at issue remains with Thelma, I write separately only to clarify that I disagree with footnote 1 in the majority Opinion regarding the majority Opinion in Barrett v. Barrett, 149 Idaho 21, 232 P.3d 799 (2010), holding that there is a narrow exception to the general requirement that deeds are to be interpreted by their plain language. In that case, this Court held that extrinsic evidence was admissible to prove the intent of the grantor, even though the language of the deed was clear and unambiguous. I dissented in that case on the grounds that there was no justification for an exception when the deed is, in fact, clear and unambiguous as to its effect. I continue to adhere to that position and therefore want to make it clear that by concurring in the majority Opinion, my concurrence does not include the content of the footnote that there is or should be a narrow exception to the rule that clear and unambiguous deeds should be interpreted by the language in the deed rather than by extrinsic evidence.